IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALEJANDRO SAINZ,<br><br>　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**<br><br>Civil Case No. 2:25-cv-756<br>Criminal Case No. 2:24-cr-92<br><br>Judge Tena Campbell |

　　　　Petitioner Alejandro Sainz filed a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on September 3, 2025.[1] (ECF No. 1.) Mr. Sainz is currently incarcerated after pleading guilty to one count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 1 in Case No. 2:24-cr-92; Statement in Advance of Plea, ECF No. 28 in Case No. 2:24-cr-92.) The court sentenced Mr. Sainz to 49 months and ordered the sentence to run concurrently with any sentences imposed in four related state cases. (Judgment, ECF No. 34 in Case No. 2:24-cr-92.) Mr. Sainz now claims that he was denied the effective assistance of counsel and asks the court to hold an evidentiary hearing. (ECF No. 1 at 5, 9, 12.)

---

[1] Mr. Sainz filed his motion with the prison on August 22, 2025. (See ECF No. 1-1.) His motion is timely under either date, as the court entered judgment against Mr. Sainz on August 23, 2024, and his conviction became final 14 days later, on September 6, 2024, when the time to file an appeal expired. See Fed. R. App. P. 4(b)(1)(A)(i); 28 U.S.C. § 2255(f)(1) (requiring that a motion under § 2255 be filed within one year from the date on which the judgment of conviction becomes final).

The district court may deny a § 2255 motion without holding a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief …." 28 U.S.C. § 2255(b); see also R. 4(b), Rules Governing § 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."). For the following reasons, the court finds that Mr. Sainz is not entitled to relief.

To make a claim for constitutionally ineffective assistance of counsel,[2] a defendant must satisfy a two-part test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair [proceeding].

Strickland v. Washington, 466 U.S. 668, 687 (1984). The defendant must make both showings to satisfy the Strickland standard. Id. And the court may address the performance and prejudice components in any order. Boltz v. Mullin, 415 F.3d 1215, 1222 (10th Cir. 2005). Notably, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

---

[2] Because Mr. Sainz only brings claims for ineffective assistance of counsel, the court need not address whether he has established cause and prejudice for his failure to raise these claims on direct appeal. See Bousley v. United States, 523 U.S. 614, 622 (1998) (citing the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause for the default and prejudice resulting from that default or demonstrates that he is "actually innocent"); Massaro v. United States, 538 U.S. 500, 509 (2003) (holding that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255").

Mr. Sainz makes three arguments about why he believes he was denied the effective assistance of counsel.³  First, Mr. Sainz notes that he pled guilty to the charge against him in front of a magistrate judge and argues that "magistrate judges are not permitted to preside over federal felony proceedings." (ECF No. 1 at 4.)

But magistrate judges have the authority to conduct plea hearings and accept guilty pleas. United States v. Salas-Garcia, 698 F.3d 1242, 1253 (10th Cir. 2012); see also United States v. Ciapponi, 77 F.3d 1247, 1251 (10th Cir. 1996) ("[W]e hold that, with a defendant's express consent, the broad residuary 'additional duties' clause of the Magistrates Act authorizes a magistrate judge to conduct a Rule 11 felony plea proceeding, and such does not violate the defendant's constitutional rights."). Mr. Sainz expressly consented to pleading guilty before a magistrate judge. (See Consent to Entry of Plea, ECF No. 27 in Case No. 2:24-cr-92.) Accordingly, the court finds that the magistrate judge had the authority to accept Mr. Sainz's guilty plea.

Mr. Sainz nevertheless suggests that he has "been subjected to involuntary servitude without valid authority" in violation of Article III of the Constitution. (ECF No. 1 at 4.) But it was not the magistrate judge who imposed Mr. Sainz's sentence. Rather, it was the undersigned judge, who has been duly nominated and appointed under Article III. The court therefore rejects Mr. Sainz's argument that his counsel was ineffective for allowing him to plead guilty before a magistrate judge.

Second, Mr. Sainz asserts that he "was skeptical of pleading guilty to unlawful possession of firearm in light of all the jailhouse talk that 922(g) was being held to be

---

³ In his Plea Agreement, Mr. Sainz expressly waived his right to challenge his sentence under 28 U.S.C. § 2255, except to raise an ineffective assistance of counsel claim challenging the validity of the plea or waiver. (ECF No. 28 in Case No. 2:24-cr-92 at ¶ 12(f)(2).)

unconstitutional by the courts." (ECF No. 1 at 5.) He further maintains that "if counsel had advised [him] about the unconstitutionality decisions of 922(g) [he] would not have plead [sic] guilty and would have proceeded to trial." (Id.)

But the Tenth Circuit has disagreed with the "jailhouse talk." That court first addressed the issue in 2009, when it held that § 922(g) did not violate the Second Amendment. United States v. McCane, 573 F.3d 1037, 1047 (10th Cir. 2009). While there was some discussion at the time of Mr. Sainz's change of plea hearing about whether the Supreme Court's decision in United States v. Rahimi, 602 U.S. 680 (2024), had abrogated McCane, the Tenth Circuit later rejected that argument, first in a non-precedential opinion issued after Mr. Sainz pleaded guilty but before his sentencing, United States v. Curry, No. 23-1047, 2024 WL 3219693, at *4 n.7 (10th Cir. June 28, 2024), and then in a published opinion at the beginning of 2025. Vincent v. Bondi, 127 F.4th 1263, 1266 (10th Cir. 2025).

Mr. Sainz has therefore failed to demonstrate that his counsel incorrectly advised him about the state of the law at the time of his plea. In any event, to the extent that the law remained unsettled, this court previously upheld a constitutional challenge to § 922(g)(1) in an opinion providing strong indications that the court would have rejected any similar challenge filed by Mr. Sainz. See United States v. Carrero, 635 F. Supp. 3d 1210, 1213–14 (D. Utah 2022) (finding that felon-in-possession regulations survived the Supreme Court's decision in N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), and noting that, "[a]s far as this court can find, every federal court that has assessed the facial constitutionality of Section 922(g)(1) in the wake of the Bruen decision has held that Section 922(g)(1) is constitutional on its face"); see also Vincent v. Garland, 80 F.4th 1197, 1200–02 (10th Cir. 2023) (holding that Bruen did not

expressly overrule or clearly abrogate McCane). Mr. Sainz's counsel cannot be faulted as ineffective for failing to suggest that he pursue a challenge that was doomed to fail.

Finally, Mr. Sainz argues that his counsel failed to advise him about the "viable" defense under Rehaif v. United States, 588 U.S. 225 (2019). In Rehaif, the Supreme Court held that, to convict a defendant of a violation of § 922(g), the government must establish that the defendant knew he violated the material elements of that statute. Id. at 231. Some defendants interpreted that case to require the government to establish that the defendant knew that it was a crime to possess a firearm. But the Tenth Circuit rejected that interpretation:

> Nowhere in Rehaif does the Court hold that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove the defendant knew his status prohibited him from possessing a firearm. Rather, the Court held the scienter requirement found in § 924(a)(2) "require[s] the Government to establish that the defendant knew he violated the material elements of § 922(g)." Rehaif, 139 S. Ct. at 2196 (emphasis added). Those material elements are (1) possession of a firearm (or ammunition) and (2) "a status element." Id. at 2195–96. In Rehaif, the "status element" was "being an alien … illegally or unlawfully in the United States," as found in § 922(g)(5). Id. In [this defendant's] case, the status element is a "person … who has been convicted in any court of a misdemeanor crime of domestic violence." 18 U.S.C. § 922(g)(9).

United States v. Benton, 988 F.3d 1231, 1238 (10th Cir. 2021). Here, to demonstrate the requisite "status element," the government must prove that Mr. Sainz knew he was a felon.

That showing does not seem difficult. Mr. Sainz has been convicted of multiple felonies and has a high criminal history score. (Presentence Report, ECF No. 30 in Case No. 2:24-cr-92 at ¶¶ 26–40 (listing previous offenses, including several felonies, and calculating a criminal history score of 22, which placed Mr. Sainz in criminal history category VI, the highest category).) In his Plea Agreement, he stated as follows: "At the time [I possessed the handgun and ammunition,] I had been convicted of a crime punishable by imprisonment for a term exceeding one year and knew that I was a felon." (ECF No. 28 in Case No. 2:24-cr-92 at ¶ 11.)

The Supreme Court has noted that "[i]n a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb [to show] that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon." Greer v. United States, 593 U.S. 503, 508 (2021). Here, Mr. Sainz has not explained what he means by a "viable" Rehaif defense, and the court finds it implausible that any such defense existed. It is exceedingly unlikely that Mr. Sainz was unaware of his multiple prior felony convictions—or, more to the point, that he could have convinced a jury that he did not know he was a felon. As a result, the court finds nothing defective about his counsel's failure to pursue a Rehaif defense.

Because Mr. Sainz fails to demonstrate any way in which his counsel's performance was deficient, or that his guilty plea was involuntary or unknowing, the court denies his motion.

The Rules Governing Section 2255 Proceedings for the United States District Courts instruct the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. 11(a), Rules Governing § 2255 Proceedings. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden, Mr. Sainz must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." United States v. Gaddis, 12 F. App'x 733, 735 (10th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

For the reasons set forth above, the court finds that Mr. Sainz has not stated any grounds for relief under § 2255 and that reasonable jurists would not find this conclusion debatable or wrong. Accordingly, the court declines to issue a certificate of appealability.

**ORDER**

Mr. Sainz's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 1) is DENIED and the court declines to issue a certificate of appealability. The court directs the Clerk of Court to provide Mr. Sainz with a copy of this order and to close the case.

SO ORDERED this 16th day of September, 2025.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge